10/21/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAX SHENBERGER,

                        Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION, LLC; AND FEDLOAN SERVICING

                        Defendant.

Case No. 7:22-cv-5304 (VB)

**STIPULATION AND ORDER REGARDING CONFIDENTIALITY AND PRIVILEGE**

WHEREAS, the parties to the above-captioned action (the "Litigation") are engaged in discovery proceedings, which may involve the production of confidential information and may involve the inadvertent production of information that may be considered privileged; and

WHEREAS, good cause exists for entry of a Stipulation and Order Regarding Confidentiality and Privilege (the "Stipulation and Order");

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties, that the following Stipulation and Order shall govern all discovery proceedings in this Litigation.

    1.    <u>DEFINITIONS</u>. As used in this Stipulation and Order:

        (a)    "Confidential" means any documents or materials that are designated "CONFIDENTIAL" pursuant to the provisions of paragraphs 2 and 5 below.

        (b)    "Discovery Material" means Documents produced, deposition testimony and exhibits, interrogatory responses, admissions, and any other information produced, given or exchanged by any Producing Person in the course of discovery in connection with this Litigation.

        (c)    "Documents" means all written, recorded, transcribed, electronic, digitized, computerized or graphic material, produced by any party,

    (whether by agreement or otherwise), including any copies, abstracts, digests and summaries thereof.

   (d) "Person" means any natural person or legal entity or association of any kind or nature.

   (e) "Producing Person" means any party to the Litigation or any non-party subject to discovery through subpoena or otherwise who provides documents, information or testimony in the course of the Litigation.

   (f) "Receiver" means the Person receiving Discovery Material designated "Confidential."

  2. Any Producing Person may designate any Discovery Material that it is producing or disclosing as "Confidential" if such Producing Person in good faith believes that such Discovery Material contains: (1) non-public information or matter (including, but not limited to, proprietary, non-public business information relating to past, current or future financial or business performance, development plans, internal strategy or internal planning processes); or (2) information which if disclosed would constitute an invasion of personal privacy, or which could endanger the life or safety of any person.

  3. To the extent that Discovery Material marked Confidential also contains (i) publicly-available information, (ii) information that was already in the possession of the Receiver before it received the Discovery Material, or (iii) information that the Receiver independently obtained, after it received the Discovery Material, from a source other than the Producing Person, this Stipulation and Order imposes no restrictions on the use of the portions of the Discovery Material which contain the publicly-available, already-possessed, or independently-obtained information. To the extent a Receiver, in good faith, requires and requests (on a document by document basis) reasonable clarification regarding which part of any Discovery Material designated Confidential contains the Confidential information, the Receiver may request reasonable clarification through counsel to the parties herein, and the Producing

Person shall provide, through counsel, such reasonable clarification within a reasonable time after receiving the request.

4.  Discovery Material designated Confidential shall be used solely for purposes of this Litigation. Confidential Discovery Material shall not be disclosed except as expressly permitted by the terms of this Stipulation and Order.

5.  The designation of Discovery Material as Confidential for purposes of this Stipulation and Order shall be made in the following manner by any Producing Person:

(a) In the case of Documents or other materials (other than deposition transcripts or other pretrial testimony), by affixing the legend "Confidential" to each page containing any Confidential Discovery Material. For multipage Documents bound together by staple or other permanent binding, the words "Confidential" need only be stamped on the first page (insofar as possible) of the Document in order for the entire Document to be treated as Confidential Discovery Material except as heretofore set forth in paragraph 3, and for Confidential Discovery Material produced in native electronic format on CD or DVD, by affixing the stamp "Confidential" on the front of the CD or DVD, or by electronically stamping the document "Confidential." Failure to designate a Document as "Confidential" does not constitute a waiver of the right to so designate the Document, and a Producing Person may so designate the Document after such Document has been produced pursuant to subparagraph (d) of this paragraph; and

(b) In the case of depositions or other pretrial testimony ("Testimony"): (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all parties within ten business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing the reporter that the appropriate confidentiality legend be affixed to each page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material. Only those portions of the transcripts designated as "Confidential" in the Litigation shall be deemed Confidential Discovery Material; provided that the failure to designate Testimony as "Confidential" does not constitute a waiver of the right to so designate Testimony, and a Producing Person may so designate Testimony after such Testimony has been taken pursuant to subparagraph (d) of this paragraph. Counsel may modify this procedure for any particular

    deposition, through mutually acceptable agreement on the record at such deposition, without further order of the Court.

  (c)  Counsel shall agree on a mutually acceptable manner for the identification of protected information that cannot be readily or easily marked in a visible manner and for the use of alternative methodologies in the event the parties agree to inspection of materials prior to copying for production.

  (d)  A Producing Person may designate as "Confidential" any Discovery Material that has already been produced by notifying the party to whom the production has been made in writing that such Discovery Material is Confidential. Information so designated shall be treated as Confidential from the date of notification onward. However, no party shall be deemed to have breached this Stipulation and Order by means of any disclosure or use that was proper at the time prior to receiving such notification.

6.  By receiving Discovery Material designated as Confidential, the Receiver does not thereby concede or otherwise accept that such information is in fact confidential, but merely agrees to abide by the terms described in this Stipulation and Order with regard to that information.

7.  Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

  (a)  The Parties and the directors, officers, employees, general partners, and limited partners of the Parties, or any subsidiary or affiliate thereof, who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation for use in accordance with this Stipulation and Order;

  (b)  Counsel who represent Parties (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation for use in accordance with this Stipulation and Order;

  (c)  Subject to Paragraph 9, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or

    consultants (including outside copying services and outside support services) who are assisting with the Litigation;

 (d) Subject to Paragraph 10, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation;

 (e) Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

 (f) The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom;

 (g) Any mediator agreed upon by the parties or ordered by the Court, and persons employed by the mediator; and

 (h) Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Person who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

8. To the extent that testimony is sought concerning Confidential Discovery Material during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Discovery Material may not be disclosed to such person under the terms of this Stipulation and Order.

9. Notwithstanding Paragraph 7(c) above, Confidential Discovery Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Litigation, provided that such expert or consultant (i) is not currently an employee of, or advising or discussing employment with, or consultant to, any Party or any competitor or potential transaction counterparty of any Party, as far as the expert or consultant can reasonably determine, and (ii) is using said Discovery Material solely in connection with this Litigation; and further provided that

such expert or consultant agrees to be bound by the terms of this Stipulation by signing an undertaking in the form attached as Exhibit A hereto. Counsel for the Party showing, providing, or disclosing Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof. Under no circumstances shall an expert or consultant who is a competitor or an employee of a competitor of a Party, or who is providing services to any of the foregoing, be provided access to Confidential Discovery Material absent further order of the Court or consent of the Producing Party. "Competitors" are persons or entities endeavoring to engage in the same or similar lines of business, provide the same or similar services, sell the same or similar products, and/or operate in the same markets, as well as any persons who are actually engaged in any of these activities.

10. Notwithstanding Paragraph 7(d), Confidential Discovery Material may be provided to persons listed therein only after (i) they confirm their understanding and agreement to abide by the terms of this Stipulation by making such a statement on the record, and/or by signing an undertaking in the form attached as Exhibit A hereto, or (ii) a court of competent jurisdiction orders them to abide by the terms of the Stipulation.

11. Counsel for the party disclosing or providing Confidential Discovery Material to any Person required to execute an undertaking shall be responsible for obtaining such signed form and retaining the original, executed copy thereof during the course of the Litigation and such forms shall not be discoverable by the parties; provided, however, that such undertakings shall be subject to production as ordered by the Court in the Litigation or in any action or

proceeding to enforce the terms of this Stipulation and Order or to recover for any breach of this Stipulation and Order.

12. If the Receiver or its counsel intends to include Confidential Discovery Material in any papers filed with the Court, the Receiver or its counsel must seek permission to file electronic documents under seal, in accordance with Rule II(G) of the Court's Individual Motion Practices and Rules. To obtain permission, the party must file a motion for leave to file under seal with the proposed filing as a sealed attachment. If leave is granted, the original document may be filed in a separate filing under seal in ECF. By filing any Confidential Discovery Material under seal, a Receiver does not thereby concede that such Discovery Material is in fact "Confidential." Confidential Discovery Material used in any court proceeding in this Litigation shall not lose its status as Confidential Discovery Material unless it becomes part of the public record. Prior to using Confidential Discovery Material in any pleading or hearing, the party intending to use such Confidential Discovery Material must use best efforts to maintain the confidentiality of that material.

13. Nothing in this Stipulation and Order shall:

    (a) prohibit any Receiver from using Confidential Discovery Material in this Litigation, so long as the Receiver complies with the terms of this Stipulation and Order;

    (b) prohibit any Producing Person from objecting to the production of any Documents they consider not to be properly subject to discovery in any given circumstances;

    (c) prevent any party or other Producing Person from applying to the Court for enforcement or modification of this Stipulation and Order or for greater or lesser protection for any particular item or category of Discovery Material;

    (d) prohibit any party from objecting to the authenticity or admissibility into evidence of any Document, testimony or other evidence subject to this Stipulation and Order;

    (e)    prejudice in any way the rights of a party or Producing Person to seek a determination by the Court as to the propriety of the designation of any Discovery Material as "Confidential" pursuant to Paragraph 20 below;

    (f)    prevent the parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided herein with respect to any Discovery Material, with the consent of the Producing Person.

14.    This Stipulation and Order has no effect upon, and shall not apply to, a Producing Person's use of its own Discovery Material for any purpose. In the event a Producing Person uses Confidential Discovery Material in the Litigation without utilizing the process set forth in Paragraph 12, then the Receiver may also use the same Confidential Discovery Material without utilizing the process set forth in Paragraph 12.

15.    If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party, is inadvertently produced pursuant to Fed. R. Evid. 502(b), such production shall in no way prejudice or otherwise constitute a waiver of any claim of privilege, work product or other ground for withholding production to which the Producing Person would otherwise be entitled. If a claim of inadvertent production is made with respect to information then in the custody of another party, such party shall return to the Producing Person all copies of the material as to which the claim of inadvertent production has been made, and the receiving party shall not use such information for any purpose. The party returning such material may then move the Court for an Order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production or otherwise claim that privilege has been waived as a result of such production.

16.    In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly joined party by its counsel has executed its agreement to be fully bound by this Stipulation and Order.

17. The parties agree to be bound by the terms of this Stipulation pending the entry of this Stipulation as an Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Order had been entered by the Court prior to the violation.

18. The provisions of this Stipulation and Order shall, absent written permission of the Producing Person or further order of any Court, continue to be binding throughout the Litigation. The Court shall retain jurisdiction over this Stipulation and Order after conclusion of the Litigation.

19. Within 90 days after the date when an order, judgment, decree or stipulation has been entered finally disposing of the Litigation, and any appeals have been determined and the time for any and all additional appeals (including discretionary review) has elapsed, all recipients of Confidential Discovery Material shall either return or destroy all such Confidential Discovery Material. Counsel for the parties (including internal counsel) shall be entitled to retain copies of all court papers, deposition and court transcripts and exhibits thereto, expert reports and their own attorney work product (irrespective of whether any of such contains Confidential Discovery Material), and one copy of all discovery material (including all Confidential Discovery Material) provided that such retention does not violate the terms of this Stipulation and Order, except pursuant to a court order or agreement with the Producing Person.

20. During the pendency of this Litigation, any party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material shall first raise its objection with counsel for the Producing Person and attempt in good faith to resolve the dispute. If the parties' discussions do not result in a resolution of the dispute, the objecting party may move on reasonable notice for an order vacating or modifying the designation. In the event such an application is made, the Producing Person shall bear the burden of establishing that the

Confidential Discovery Material falls within the scope of the categories enumerated in Paragraph 2, as applicable. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Stipulation and Order.

21. If any Person, other than the Producing Person, is required by subpoena, order, or other legal process or legally enforceable demand (together, the "Demand") to produce Confidential Discovery Material in any other action or proceeding or otherwise, such Person shall promptly provide notice to the Producing Person or counsel to the Producing Person (including a copy of the relevant Demand) allowing the Producing Person the opportunity to timely oppose the Demand before responding or producing any Confidential Discovery Material. To the extent a Producing Person seeks to prevent the production of Confidential Discovery Material (including, but not limited to, through an administrative or court proceeding), the Person subject to the Demand shall decline to produce Confidential Discovery Material until the resolution of such proceeding. It will be the obligation solely of the Producing Person or its counsel to timely take what steps it deems necessary to protect the confidentiality of the Confidential Discovery Material subject to the Demand.

22. This Stipulation and Order does not apply to the introduction and use of materials during any trial of this action, and any such use shall be separately provided for by the Court in its pre-trial order or otherwise as determined by the Court prior to trial.

23. Any non-party who is a Producing Person shall have the benefit of this Stipulation and Order, and shall be entitled to enforce its terms, if such non-party agrees to be bound hereby.

Dated: October 21, 2022

**STEIN SAKS, PLLC**

By: /s/ Tamir Saland
Tamir Saland
One University Plaza, Ste 620
Hackensack, NJ 07601
(201) 282-6500

*Attorneys for plaintiff Max Shenberger*

**HAND BALDACHIN & ASSOCIATES LLP**

By: /s/ Adam B. Michaels
Adam B. Michaels
1740 Broadway, 15th Floor
New York, New York 10019
(212) 956-9500

*Attorneys for defendant Pennsylvania Higher Education Assistance Agency*

SO ORDERED:

/s/ Vincent Briccetti

Vincent L. Briccetti, U.S.D.J.
White Plains, NY
October 21, 2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAX SHENBERGER,<br><br>                Plaintiff,<br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANSUNION, LLC; AND FEDLOAN SERVICING<br><br>                Defendant. | Case No. 7:22-cv-5304 (VB) |

## EXHIBIT A
## UNDERTAKING REGARDING CONFIDENTIALITY

Upon consideration of being granted access to the Confidential documents produced in the Litigation, _____ hereby agrees, certifies and undertakes as follows:

1. I have read, understand, and will abide by the term of the Stipulation and Order Regarding Confidentiality and Privilege dated October 21, 2022 (the "Stipulation and Order");

2. I will not disclose Confidential Discovery Material, or any information contained therein, to any Person not authorized by the Stipulation and Order to receive such Confidential Discovery Material, or use such Confidential Discovery Material for any purpose other than for purposes of this Litigation; and

3. I consent to the jurisdiction of the United States District Court for the Southern District of New York with regard to any action or proceeding to enforce the terms of the Stipulation and Order and this undertaking.

Dated:

                                                                                     _____